STATE OF INDIANA, EX REL. WILLIAM T. HOGAN *v.*
SIMMONS, JUDGE.

[No. 25,283.   Filed January 5, 1927.]

Original action in Supreme Court.

Action *of mandate* in the Supreme Court on the relation of Wil-
liam T. Hogan against Victor H. Simmons as judge of the Black-
ford Circuit Court to obtain a writ of mandate ordering said
judge to permit the filing of an application for a change of venue
from the county.   On a showing that the change of venue had
been granted, the writ was denied.

*Emshwiller & Emshwiller,* for plaintiff.

*Ralston, Gates, Lairy, VanNuys & Barnard,* for respondent.

PER CURIAM.—Relator, by his verified complaint filed in this
court September 15, 1926, made it appear that on September 13,
1926, in cause No. 8495, Alice Hogan v. William T. Hogan, and on
the day fixed for him to answer the complaint in said cause, he,
by his attorneys Emshwiller and Emshwiller, tendered to the
respondent, as judge of the Blackford Circuit Court, and in open
court, for filing as a paper in cause No. 8495, his application
and affidavit for a change of venue from the county, which appli-
cation and affidavit, the respondent, as such judge, refused to
permit him to file and refused to note on the bench docket or
other records of said court the filing or the offering to file the
same.

This court, after inspecting the complaint, and being fully
advised in the premises, on or about 11 o'clock a. m. September
15, 1926, ordered that respondent, as judge of the Blackford
Circuit Court, allow and permit relator to file his application
and affidavit for a change of venue from the county in cause No.
8495, Hogan v. Hogan, and note the filing thereof as of Septem-
ber 13, 1926, or, on October 5, 1926, at 9 o'clock a. m., show
cause why he should not so do.   Thereafter, respondent, by an
unverified return or answer to relator's complaint, averred that
after the filing of the petition for a divorce in the case of
Hogan v. Hogan, in which there was an application for an allow-
ance to plaintiff for her support and for money with which to
prosecute her action, he had a conference with the attorneys for
plaintiff and the attorneys for defendant, and, in the presence
of the court, they agreed orally not to press said application until
the first day of the September term of court, at which time they
were to come into court with an agreement as to the amount to
be allowed; that upon the presentation of said application and
affidavit for a change from the county, he did not definitely re-

fuse to permit the filing of the same, but informed relator's attorneys that the court desired first to act upon said application for suit and support money; that on September 15, 1926, at about 3 p. m., respondent, as judge of the Blackford Circuit Court, ruled upon said application for a change of venue from the county and granted same. Wherefore, he asks that the order theretofore made against him to show cause be set aside and the proceedings be dismissed at the costs of relator.

To respondent's answer, relator filed a verified reply, accompanied by the affidavit of his attorneys to the effect that no conference between attorneys in the presence of the respondent was at any time had, nor was the question of allowance to plaintiff in the case of Hogan v. Hogan for any purpose ever considered or discussed with or in the presence of respondent, and that no entry on the bench docket was made until after respondent had heard of the order made by the Supreme Court. The foregoing is but a brief statement of some of the outstanding facts set forth in the pleadings, and are here incorporated for the purpose of a better understanding of the basis for the final order herein.

Upon the case as here presented, it is therefore ordered that relator's application for mandate be denied, and that the costs of this action, taxed at $........, be adjudged one-half against relator and one-half against the respondent.

Judgment will therefore be entered accordingly.